IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-11427
Summary Calendar
_____


SARAH L. WILSON,

Plaintiff-Appellant,

versus

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 5:95-CV-205-C
_____
August 7, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*


Sarah L. Wilson appeals the district court's grant of the Social Security Commissioner's motion for summary judgment, affirming the Commissioner's denial of supplemental security benefits to Wilson. Wilson argues that the Administrative Law Judge ("ALJ") erred in his determination that she was not disabled

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because she was able to perform the duties of her past relevant work.  Wilson contends that, by statutory definition, she did not engage in past relevant work and, therefore, the ALJ's decision did not comport with relevant legal standards.  Wilson argues further that the ALJ failed to compare Wilson's residual functional capacity with the actual demands of her previous work and that the ALJ erred by failing to apply the correct standards for evaluating pain by failing to develop evidence on the possibility that her mental impairment would cause her pain.

Wilson failed to raise these issues in her appeal to the Appeals Council.  This court has jurisdiction to review the Commissioner's final decision only when a claimant has exhausted her administrative remedies.  Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994).  Wilson's failure to raise these issues before the Appeals Council deprives this court of jurisdiction to review them. See id.  These claims are DISMISSED for want of jurisdiction.

Wilson argues that the ALJ's finding at Step Three that she did "not have an impairment listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4," was not supported by adequately articulated findings.  Because the ALJ proceeded to Step Four, although he determined that Wilson did not have an impairment at Step Three, this court must infer that a severe impairment was found at Step Three.  See Reves v. Sullivan,

915 F.2d 151, 154 (5th Cir. 1990) (citing <u>Mays v. Bowen</u>, 837 F.2d 1362, 1364 (5th Cir. 1988) ("If the ALJ proceeds past the impairment step in the sequential evaluation process the court must infer that a severe impairment was found."). Therefore, Wilson's contentions that the ALJ committed error in his findings at Step Three have no basis and are without merit.

Wilson also contends that the district court erred by denying her motion to remand for consideration of new and material evidence. The district court did not err by denying Wilson's motion to remand because she presented no new and material evidence and did not show good cause for her failure to submit the evidence earlier. <u>See</u> <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir. 1995). The district court's denial of the motion is AFFIRMED.

AFFIRMED in part; DISMISSED in part.